IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDDIE JAMES OTIS ATKINS, | ) | Case No. 1:10-cv-00755-JLT |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| | ) | |
| vs. | ) | |
| | ) | (Doc. 1) |
| DERRAL G. ADAMS, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Eddie James Otis Atkins ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his Complaint on April 30, 2010, asserting claims against the following individuals at Corcoran State Prison: Warden Derral G. Adams, Sergeant A. Musleh, and correctional officers, John Doe 1 and John Doe 2 (collectively, "Defendants").  (Doc. 1).

For the following reasons, Plaintiff's Complaint is **DISMISSED WITH LEAVE TO AMEND**.

**I. Screening Requirement**

The Court is required to review a case filed *in forma pauperis*.  28 U.S.C. §1915A(a); 28 U.S.C. 1915(e).  The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a

defendant who is immune from such relief.  28 U.S.C. § 1915 (e)(2)(B); see Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (citing Franklin v. Murphy, 745 F. 2d 1221, 1228 (9th Cir. 1984)).  The Court may grant the plaintiff leave to amend to the extent that deficiencies of the complaint can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122, 1127-1128 (9th Cir. 2000) (en banc).

## II. Pleading Standards

Generally, the Federal Rules of Civil Procedure govern pleading standards of complaints. Rule 8 requires that a pleading stating a claim for relief must contain: (1) a "short and plain statement" affirming the court's jurisdiction; (2) a "short and plain statement" showing that the pleader is entitled to relief; and (3) a demand for the relief sought.  Fed.R.Civ.P. 8(a).  The purpose of the statement is to give the defendant a "fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A complaint is not required to state detailed factual allegations, Twombly, 550 U.S. at 555, and a complaint filed *pro se*, no matter how "inartfully" pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  A plaintiff is required to provide factual information that is detailed enough to state the grounds of his entitlement to relief, which require more than "labels and conclusions" or "a formulaic recitation of the elements."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  To be accepted as true, the facts pleaded in the complaint must state a claim to relief that is "plausible on its face" and permit the Court to draw a "reasonable inference that the defendant is liable for the misconduct alleged."  Id.

## III. § 1983 Claims

Plaintiff's Complaint seeks damages under 42 U.S.C. § 1983, which provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, any citizen of the United States…deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

1  To successfully state a claim under § 1983, the plaintiff must plead facts alleging that a

2  person, while acting under the color of state law, deprived him of a right secured by the

3  Constitution and laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988).  The

4  deprivation requires a "causal connection," which occurs when a person acting under the color of

5  state law "...does an affirmative act, participates in another's affirmative acts, or omits to perform

6  an act which he is legally required to do that causes the deprivation of which complaint is made."

7  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Conn v. City of Reno, 591 F.3d

8  1081, 1098 (9th Cir. 2010).  A person acts under the color of state law when he exercises power

9  "possessed by virtue of state law," which is made possible by being "clothed with the authority"

10  of that law.  West, 487 U.S. at 49.

11  **IV. Discussion & Analysis**

12  On July 30, 2009, Plaintiff was stabbed by an inmate in exercise yard "4A3R" of

13  Corcoran State Prison ("CSP") at approximately 9:30AM ("the incident").  (Doc. 1 at 3).

14  According to his Complaint, the incident occurred while Plaintiff and other inmates waited near

15  the entrance of CSP for pill call.  Id.  Plaintiff subsequently received medical treatment for the

16  injuries sustained during the incident.  (Doc. 1 at 8).  Plaintiff alleges that the occurrence of the

17  incident is a violation by Defendants of his constitutional rights under the Eighth and Fourteenth

18  Amendments.  (Doc. 1 at 3).

19  The Complaint presents claims for failure to train and supervise, deliberate indifference

20  to medical needs and failure to prevent harm.  (Doc. 1 at 3, 5-6).  Plaintiff alleges that defendants

21  Adams and Musleh failed to train and supervise Does 1 and 2 in compliance with the policies

22  promulgated by the California Department of Corrections and Rehabilitation ("CDCR").  (Doc. 1

23  at 5-6).  Plaintiff alleges that defendants Does 1 and 2 failed to prevent the occurrence of the

24  incident due to their "reckless" management of pill call and yard, improper search of CSP

25  inmates prior to entering exercise yard "4A3R" and a preoccupation with a personal cellular

26  phone, sunglasses and a magazine prior to the incident.  (Doc. 1 at 5-6).

27  **A. "Official Capacities" and the Eleventh Amendment**

28  The Eleventh Amendment prohibits suits for monetary damages against a State and its

1  agencies.  Gann v. Schwarzenegger, 2010 U.S. Dist. LEXIS 135836, at *20-21 (E.D. Cal. Dec.

2  13, 2010) (quoting Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007)).  A

3  suit against a state official in his official capacity equates to a suit against the state employing

4  that official, Hafer v. Melo, 502 U.S. 21, 25 (1991), effectively barring a plaintiff from bringing

5  suit on these grounds.  However, the Eleventh Amendment does not bar a suit for monetary

6  damages against a state official sued in his individual capacity.  Id.

7       Plaintiff alleges that Defendants are liable for violating his constitutional rights while

8  acting in their official capacity.  (Doc. 1 at 6).  The Complaint neither names the State of

9  California nor any of its agencies as defendants; however, Defendants are employees of CSP, a

10  prison run by the State of California, and thus Plaintiff's claims against Defendants in their

11  official capacity is tantamount to bringing suit against the State.  Therefore, the complaint as to

12  Defendants' official capacities is **DISMISSED**.

13       **B. "Due Process" and the Fourteenth Amendment**

14       The Fourteenth Amendment prohibits a State from depriving "any person of life, liberty,

15  or property, without due process of law."  U.S. Const. amend. XIV, § 1.  An inmate may bring a

16  federal cause of action under § 1983 for due process deprivations.  Town of Castle Rock v.

17  Gonzales, 545 U.S. 748, 755 (2005).  To state a claim for due process deprivations, an inmate

18  must first establish the existence of a liberty interest created by the State for which the protection

19  is sought.  See Sandin v. Conner, 515 U.S. 472, 483-84 (1995).

20       The Complaint does not support a claim for a violation of Plaintiff's Fourteenth

21  Amendment rights.  Plaintiff neither identifies a liberty for which protection is sought nor a

22  description of how the deprivation of that right occurred.  Therefore, the Complaint as to the

23  claim alleging of a violation of Plaintiff's Fourteenth Amendment rights is **DISMISSED**.

24       **C. "Supervisor Liability": Failure to Train and Supervise**

25       Under a theory of respondeat superior, a supervisory official employed by the State is

26  generally not liable under § 1983 for the actions and omissions of his subordinate employees.

27  Hansen v. Black, 885 F.2d 642, 645-646 (9th Cir. 1989); Anaya v. Herrington, 2010 U.S. Dist.

28  LEXIS 130848, at *7 (E.D. Cal. Nov. 29, 2010); Rosenblum v. Ellis, 2010 U.S. Dist. LEXIS

4

1   97015, at *8 (E.D. Cal. Sept. 15, 2010).  Nonetheless, a plaintiff may attribute liability to a

2   supervisor under § 1983 if the plaintiff pleads a sufficient "causal connection between the

3   supervisor's wrongful conduct and the constitutional violation."  Hansen, 885 F.2d at 646.  To

4   state a claim for relief under the theory of supervisor liability, a plaintiff must allege facts

5   indicating that the defendant: (1) personally participated in the alleged deprivation of

6   constitutional rights; (2) knew of the violations and failed to act to prevent them; or (3)

7   implemented a policy so deficient that the policy itself is a "repudiation of constitutional rights"

8   and is the "moving force of the constitutional violation."  Anaya, 2010 U.S. Dist. LEXIS 130848,

9   at *7-8 (quoting Hansen, 885 F.2d at 646).

10       The Complaint does not support a claim for a constitutional violation under the theory of

11   supervisor liability.  According to the facts presented in the Complaint, Adams and Musleh were

12   not present in exercise yard "4A3R" when the incident occurred.  This lack of physical presence,

13   absent additional factual allegations, suggests that they did not participate in events surrounding

14   the incident.  Additionally, the Complaint alleges a lack of compliance with CDCR policy, but

15   does not attribute the occurrence of the incident to the policy itself.  Thus, the Complaint fails to

16   allege an implementation of a policy that caused a violation of Plaintiff's constitutional rights.

17   Therefore, the Complaint, as to the claims of failure to train and failure to supervise, is

18   **DISMISSED**.

19       **D. "Deliberate Indifference"**

20       The treatment an inmate receives in prison and the conditions under which he is confined

21   are subject to scrutiny under the Eighth Amendment and its prohibition against cruel and unusual

22   punishment.  Farmer v. Brennan, 511 U.S. 825, 832-833 (1994).  A violation of an inmate's

23   constitutional rights requires an objective component and a subjective component.  Clouthier v.

24   County of Contra Costa, 591 F.3d 1232, 1242 (9th Cir. 2010).  The objective component must

25   address whether deprivation by a prison official of the inmate's rights secured by the Constitution

26   and laws was sufficiently serious enough to constitute "cruel and unusual."  Id.  The subjective

27   component must address whether a prison official acted with a "sufficiently culpable state of

28   mind" so that the conditions of confinement may be deemed to be "punishment." Id.  The

1  applicable standard for culpable state of mind is "deliberate indifference." <u>Farmer</u>, 511 U.S. at

2  834.

3  **1. Medical Needs**

4  The Eighth Amendment guarantees that an inmate must receive "constitutionally

5  adequate medical and mental health care." <u>Conn</u>, 572 F.3d at 1054.  A prison official's

6  deliberate indifference to a substantial risk of serious harm to an inmate, including the

7  deprivation of medical attention to serious medical needs, violates the Eighth Amendment's

8  prohibition against cruel and unusual punishment.  <u>Conn</u>, 572 F.3d at 1054-1055 (citing <u>Estelle</u>

9  <u>v. Gamble</u>, 429 U.S. 97, 104 (1976)).

10  An inmate alleging "deliberate indifference" to his serious medical needs is required to

11  show that the medical needs were serious, <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006),

12  and that a prison official's response to these needs was indeed deliberately indifferent in the

13  context of the Eighth Amendment.  <u>Id.</u>  An inmate has a "serious" medical need when the failure

14  to treat the condition could result in further significant injury or the "unnecessary and wanton

15  infliction of pain." <u>Conn</u>, 572 F.3d at 1055; <u>Penner</u>, 439 F.3d at 1096.  To constitute deliberate

16  indifference, a prison official must have been subjectively aware of the inmate's serious medical

17  needs and subsequently failed to respond to these needs in a manner that is prohibited by the

18  Eighth Amendment.  <u>Conn</u>, 572 F.3d at 1056.  Deliberate indifference is more than an ordinary

19  lack of due care for the inmate's serious medical needs and requires "obduracy and wantonness"

20  as opposed to inadvertence or error in good faith.  <u>Wilson v. Seiter</u>, 501 U.S. 294, 298-299

21  (1991).

22  The Complaint does not support a claim for a constitutional violation under the theory of

23  deliberate indifference to Plaintiff's medical needs.  According to the facts presented in the

24  Complaint, Plaintiff received prompt and adequate medical attention to his injury following the

25  incident.  Thus, Defendants did not fail to respond to Plaintiff's medical needs.  Therefore, the

26  Complaint as to the claim for deliberate indifferent to Plaintiff's medical needs is **DISMISSED**.

27  **2. "Failure to Prevent Harm"**

28  "The Constitution does not mandate comfortable prisons," <u>Farmer</u>, 511 U.S. at 832-833,

but it does prohibit inhumane prison conditions and subjects them to scrutiny under the Eighth

Amendment's prohibition against cruel and unusual punishment.  Id.  The Eighth Amendment

imposes a duty on a prison official to "take reasonable measures to guarantee the safety of the

inmates and failure to do so may result in a violation of an inmate's rights secured by the

Constitution and laws."  Id.

An inmate seeking to attribute individual liability to a prison official based on a "failure

to prevent harm" claim must allege that: (1) he is incarcerated under conditions posing a

"substantial risk of serious harm;" and (2) the prison official "must both be aware of facts from

which the inference could be drawn that a substantial risk of serious harm exists, and he must

also draw the inference."  Clouthier, 591 F.3d at 1241 (citing Farmer, 511 U.S. at 834).  A prison

official must know of and disregard an excessive risk to inmate safety, Farmer 511 U.S. at 837,

and "deliberately indifference" is the required state of mind when the prison official allegedly

disregarded the inmate's safety.  Clouthier, 591 F.3d at 1242.

The Complaint does not support a claim for a constitutional violation alleging a failure to

prevent harm. In Leach v. Carey, 2008 U.S. Dist. LEXIS 7122 (E.D. Cal. Jan. 31, 2008), prison

officials knew about a substantial and imminent risk to plaintiff Leach's safety due to

documented threats from a prison gang.  The Court ruled that a "reasonable officer would find it

unacceptable under constitutional law to release an at-risk inmate into the recreation yard while

an investigation was pending to determine whether the inmate should be released into the

recreation yard."  Leach, 2008 U.S. Dist. LEXIS 7122 at *28.

Plaintiff does not provide facts that directly or indirectly suggest that he was at a

substantial risk of serious harm in exercise yard "4A3R."  Plaintiff does not allege that

defendants Does 1 and 2 had knowledge that the incident would occur.  Additionally, Plaintiff

does not provide factual information suggesting that he himself was aware of a substantial risk to

his safety, whether he had received any threats to his safety prior to the incident, or whether he

had informed defendants Does 1 and 2 that the incident would occur.  Therefore, the Complaint

as to the claim alleging a failure to prevent harm is **DISMISSED**.

///

**V. Conclusion**

In summary, the Court must dismiss Plaintiff's Complaint against Defendants due to a failure to state a cognizable claim.  The Court will grant Plaintiff the opportunity to amend the complaint to address the deficiencies stated above.  Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading; as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND; and

2.      Plaintiff is GRANTED 30 days from the date of service of this order to file an amended complaint.  The amended complaint must reference the docket number assigned to this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Local Rule 110.


IT IS SO ORDERED.

Dated:   **February 15, 2011**                                     **/s/ Jennifer L. Thurston**
                                                                            UNITED STATES MAGISTRATE JUDGE