IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE JAMES OTIS ATKINS, | Case No. 1:10-cv-00755 JLT (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S REQUEST FOR A COURTESY COPY AND DENYING PLAINTIFF'S REQUEST FOR A COURT ORDER |
| vs. | |
| DERRAL G. ADAMS, et al., | (Doc. 18) |
| Defendants. | |

On May 2, 2011, Plaintiff filed a motion for (1) a courtesy copy of the Court's screening order filed February 16, 2011; and (2) a court order instructing prison officials to allow Plaintiff access to his personal property. The Court will grant Plaintiff's request for a courtesy copy of the screening order. As to Plaintiff's request for a court order, Plaintiff has not demonstrated why access to his personal property is necessary for litigating this case. The Court's screening order provides all the direction that Plaintiff needs to file an amended complaint and to proceed with this action at this time.[1] Therefore, this

---

[1] Likewise, the Court is loathe to interfere with determinations made by prison officials related to the operation and internal security of the prison facility. "[F]ederal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment . . . Such flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life . . . " Sandin v. Conner, 515 U.S. 472, 482 (1995). In Procunier v. Martinez, 416 U.S. 396, 404-405 (1974), overruled in part on other grounds, Thornburgh v. Abbott, 490 U.S. 401 (1989), the Supreme Court explained the basis for this deference:

> Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration. In part this policy is the product of various limitations on the scope of federal review of conditions in state penal institutions. More fundamentally, this attitude springs from complementary perceptions about the nature of the problems and the efficacy of judicial intervention. Prison administrators

1

1  request will be denied.

2      Accordingly, it is **HEREBY ORDERED** that:

3      1.    Plaintiff's request for a copy of the Court's screening order filed on February 16, 2011

4          is **GRANTED**.  The Clerk of the Court is directed to send Plaintiff a courtesy copy of

5          the February 16, 2011 screening order (Doc. 13), along with the form complaint for use

6          in a civil rights action.

7      2.    Plaintiff's request for a court order is **DENIED**.

8  IT IS SO ORDERED.

9  Dated: **May 4, 2011**     /s/ Jennifer L. Thurston
                                           UNITED STATES MAGISTRATE JUDGE

---

are responsible for maintaining internal order and discipline, for securing their institutions against unauthorized access or escape, and for rehabilitating, to the extent that human nature and inadequate resources allow, the inmates placed in their custody. The Herculean obstacles to effective discharge of these duties are too apparent to warrant explication. Suffice it to say that the problems of prisons in America are complex and intractable, and, more to the point, they are not readily susceptible of resolution by decree. Most require expertise, comprehensive planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. For all of those reasons, courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform. Judicial recognition of that fact reflects no more than a healthy sense of realism.

Procunier, 416 U.S. at 404-405.