IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE JAMES OTIS ATKINS,<br><br>              Plaintiff,<br><br>         v.<br><br>DERRAL G. ADAMS, et al.,<br><br>              Defendants. | Case No.: 1:10-cv-00755-JLT (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Docs. 22, 23) |

Plaintiff Eddie James Otis Atkins ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his First Amended Complaint on July 5, 2011 (Doc. 22) and then, before that complaint could be screened, immediately filed a Second Amended Complaint on July 21, 2011, asserting claims against the following individuals at Corcoran State Prison: Warden Derral G. Adams, Sergeant A. Musleh, and correctional officers, I. Rubalcaba, R. Tiena, H. Holguin, J. Marquez, G. Montanez, M. Navarro, John Doe 1 and John Doe 2 (collectively, "Defendants").[1]  (Doc. 23).

---

[1] A party may amend its pleading once as a matter of course, but beyond that "a party may amend its pleading only with… the court's leave."  Fed. R. Civ. P. 15(a)(2).  Thus, Plaintiff was not entitled to file amended pleadings without seeking leave of the Court.  For the sake of judicial economy, the Court will accept the Second Amended Complaint.  In the future, Plaintiff shall not file amended pleadings except pursuant to Court order, or until leave of the Court is sought.

1

## I. Screening Requirement

The Court is required to screen any complaint filed by a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity" in order to identify any "cognizable claim." 28 U.S.C. § 1915A(a)-(b). The Court should dismiss the case if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or if the prisoner is "seek[ing] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). A Court should dismiss a claim as frivolous only "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them" and not simply because the Court may believe the "plaintiff's allegations unlikely." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). When determining whether a claim is malicious, the Court will analyze whether it was made in good faith. *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915).

## II. Pleading Requirements

The Federal Rules of Civil Procedure outline the pleading requirements. A complaint is a "short and plain statement" that outlines the grounds for jurisdiction, "show[s] that the pleader is entitled to relief; and [has] a demand for the relief sought." Fed. R. Civ. P. 8(a). *Pro se* complaints are generally held to "less stringent standards" than complaints drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

A complaint must afford fair notice to the defendant as well as state the elements of the claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Allegations that are conclusory and vague do not support a cause of action. *Ivey v. Board of Regents*,

673 F.2d 266, 268 (9th Cir. 1982).  The Court further clarified that,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation] The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation] Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.

*Iqbal*, 129 S.Ct. at 1949.  A Court is required to assume as true in the light most favorable to the plaintiff, any well-pled factual allegations, when determining if the plaintiff is entitled to relief.  *Id.*  However, this tenet is "inapplicable to legal conclusions."  *Id.*  If a complaint fails to state a cognizable claim, the Court has the discretion to grant leave to amend the complaint in order to address the deficiencies in the factual allegations.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III.  § 1983 Claims

Section 1983 of Title 42 of the United States Code does not confer substantive rights; but instead provides "a method for vindicating federal rights elsewhere conferred."  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  Section 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State… subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  In order to state a claim pursuant to § 1983, a plaintiff must allege facts which support that (1) he was deprived of a right afforded to him by federal law, and (2) the deprivation was committed by someone acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).  Additionally, a plaintiff is required to allege a specific injury suffered, as well as show a causal relationship between the defendant's conduct and the injury suffered by the plaintiff.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made").

1  Thus, section 1983 does not impose liability founded on the doctrine of respondeat superior. *Monell*
2  *v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Accordingly, a supervisor may not be held liable
3  merely because a subordinate commits an unconstitutional act.  *Id.*  "A supervisor is only liable for
4  constitutional violations of his subordinates if the supervisor participated in or directed the
5  violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d
6  1040, 1045 (9th Cir. 1989).

**IV.   Discussion & Analysis**

Plaintiff alleges that on July 30, 2009, he was an inmate at Corcoran State Prison ("CSP"). At about 9:30 a.m., he was in exercise yard "4A3-R" when he was stabbed by another inmate in the lower right chest ("the incident").  (Doc. 23 at 7).  Plaintiff states this incident occurred during pill call where medication is dispensed to inmates during recreational time.  *Id*.  He claims the incident began when his cellmate was attacked by the same inmate who also attacked Plaintiff.  *Id.*  Plaintiff alleges that once the guards regained control of the yard, he was handcuffed and taken to a holding cell.  *Id.* at 8.  He claims once the institution ambulance returned from taking his cellmate to the hospital, he was then transported to Fresno Community Hospital and treated there.  *Id.*

Plaintiff claims that Defendants violated the Eighth Amendment.  He asserts Defendants acted with deliberately indifference by failing to prevent the harm he suffered in the stabbing and by failing to properly train and supervise staff at CSP.  *Id.* at 7-11.  Plaintiff alleges defendant guards Doe 1 and Doe 2 violated his Eighth amendment right by failing to prevent the assault on Plaintiff due to their reckless management of pill call during recreation by being distracted by a cell phone, radio and sunglasses.  *Id.* at 7.  Plaintiff states defendants Rubalcaba, Tiena, Holguin, Marquez, Montanez, and Navarro are liable based upon their failure to properly search inmates before allowing them to enter the yard.  *Id.* at 10.  Plaintiff claims defendant Musleh is liable for failing to properly supervise these officers in their searching of inmates.  *Id.* at 9.  Also, Plaintiff alleges defendants Musleh and Adams violated his eighth amendment right by failing to properly supervise the staff of CSP and train them regarding the danger to "transsexual's safety."  *Id.* at 9.  Furthermore, Plaintiff contends that defendant Adams' was aware of a noted safety concern regarding Plaintiff but failed to take reasonable measures in response amounts to deliberate indifference to Plaintiff's safety.  *Id.*

### A. "Official Capacities" and the Eleventh Amendment

The Eleventh Amendment provides immunity to any State in any type of lawsuit "…in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. This immunity is extended to state officials acting in their official-capacity due to the fact that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). In essence, an action against the official's office and not the individual person. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, "neither a State nor its officials acting in their official capacities are "persons" under § 1983." *Id.*

Here, Defendants are employees of CSP and the California Department of Corrections and Rehabilitation ("CDCR"), a state entity. Accordingly, Plaintiff's claims against Defendants acting in their official capacities amounts to a suit against CDCR and the State of California, which is prohibited under the Eleventh Amendment. Therefore, as to the claims against Defendant's in their official capacities, the complaint is **DISMISSED**.

### B. Eighth Amendment Protections

Plaintiff argues that "[a]s a result of Defendants' deliberate indifference, Plaintiff suffered a violation of his [eighth amendment] right." (Doc. 23 at 11). Specifically, that Defendants' failure to prevent harm to Plaintiff and their failure to properly supervise and train CSP personnel violated his eighth amendment right. *Id.* at 7-11. The Eighth Amendment "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976), *quoting Jackson v. Bishop*, 404 F.2d 571, 579 (8th Cir. 1976). The Eighth Amendment does not require that a prison be a "comfortable place", but does require prison officials to assure that conditions be humane. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) This imposes a duty to "take reasonable measures to guarantee the safety of the inmates," including protecting prisoners from the violence of other inmates. *Id.* at 32-33, *quoting Hudson* v. *Palmer*, 468 U.S. 517, 526-527 (1984). Eighth Amendment claims have both an objective and subjective component to them. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). To properly allege a claim based on a failure to prevent harm, a prisoner needs to allege (1) that conditions of his imprisonment objectively posed a

"substantial risk of serious harm" and (2) that prison officials subjectively acted with "deliberate indifference" to his safety. *Farmer*, 511 U.S. at 834.

### 1.  Failure to prevent harm due to Plaintiff's sexuality

Plaintiff alleges Defendants violated his Eighth Amendment right by failing to prevent harm against Plaintiff due to his sexual orientation. (Doc. 23 at 9). In order to state a cognizable claim, Plaintiff needs to allege facts that establish both the objective and subjective components of an failure to prevent harm claim. *Farmer*, 511 U.S. at 834.

*Substantial risk of serious harm*

The Supreme Court has defined a substantial risk of serious harm as one that society has chosen not to tolerate because it "violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

Here, Plaintiff argues that his sexual orientation as a "homosexual with feminine characteristics" posed a substantial risk to him while being exposed to the general population . (Doc. 23 at 9). In addition, Plaintiff attempts to impose liability on Defendants for their failure to address "the danger to transexuals [sic] safety." *Id*. However, it is not clear whether Plaintiff is alleging that he is a transsexual.[2]

In any event, an inmate's sexual orientation alone is not dispositive of whether he faced a substantial risk of harm. Instead, Plaintiff is required to set forth facts that demonstrate that, due to his sexual orientation, he faced a substantial risk of harm. *Farmer*, 511 U.S. at 848. In none of his complaints has Plaintiff done this. To the contrary, the current complaint demonstrates that Plaintiff was not targeted due to his sexual orientation but, instead, was stabbed because he interjected himself into the attack on his cell mate in order to prevent him from suffering greater injury. Thus, Plaintiff has, once again, failed to state a cause of action.

*Deliberate indifference to a substantial risk of harm*

If a prisoner is able to establish that the conditions of his imprisonment posed a substantial risk of serious harm, he must then establish that prison officials responded to that risk with deliberate

---

[2] Plaintiff refers to his cell mate as a "she," which makes it unclear whether Plaintiff is alleging that Plaintiff is a transsexual or that his cell mate is a transsexual. *Id*. at 8.

6

indifference. *Farmer*, 511 at U.S. 834. The Supreme Court has stated,

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837. Therefore, a prison official is not liable unless he was aware of the substantial risk posed to the prisoner and disregarded it. *Id.*

As to Defendants Musleh, Rubalcaba, Tiena, Holguin, Marquez, Montanez, Navarro, Doe 1, and Doe 2, Plaintiff has failed to plead factual allegations that establish that any of them had any knowledge of his sexual orientation or that a substantial risk of serious harm to him existed on this basis. Therefore, Plaintiff has failed to state a cognizable claim for failure to prevent harm against these Defendants.

Plaintiff alleges also that defendant Adams was aware of Plaintiff's "safety concern regarding Plaintiff's sexuality." (Doc. 23 at 9). Plaintiff states that Adams was informed by Plaintiff's "C-File" which documented that his status as a "homosexual with female characteristics" posed a safety concern. *Id.* Plaintiff alleges that Adams failed to take reasonable measures to address this known risk. *Id.* (stating that Adams failed to inform CSP staff of Plaintiff's sexual orientation and authorized "double cell, group yard" instead of "walk alone, single cell status"). However, as demonstrated above, the lone fact that Plaintiff is a homosexual with female characteristics is not enough to constitute a substantial risk of serious harm. *See Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1051 (9th Cir. 2002). Plaintiff has failed to allege facts that establish that defendant Adams was aware of a substantial risk of serious harm posed to Plaintiff as a result of his sexuality and failed to take reasonable steps to protect him. Therefore, Plaintiff has failed to state a cognizable claim for failure to prevent harm against defendant Adams.

2. <u>Failure to prevent harm due to inadequate management and search of the prison yard</u>

Plaintiff attempts to impose liability on defendant floor officers Rubalcaba, Tiena, Holguin, Marquez, Montanez, and Navarro for their failure to prevent harm to him due to their inadequate search of other inmates. (Doc. 23 at 10.) In addition, Plaintiff alleges defendants Doe 1 and Doe 2

are liable for their poor management of the prison yard during the incident. *Id.* at 7.

*Substantial risk of serious harm*

Plaintiff claims Doe 1 and Doe 2 were in charge of supervising the recreation yard and that the above mentioned floor officers were responsible for searching the inmates prior to them being released into the yard. *Id.* at 10. He alleges the inmate that attacked him during the incident was in possession of a dangerous weapon. *Id.* at 7. Being exposed to another inmate in possession of such a weapon amounts to a substantial risk of serious harm. *See Helling*, 509 U.S. at 36.

*Deliberate indifference to substantial risk of serious harm*

As discussed above, in order to impose liability on prison officials under the Eighth Amendment, it must be established that they responded to a substantial risk of serious harm with deliberate indifference. *Farmer*, 511 at U.S. 834. Prison officials are only liable if they were aware of the substantial risk and subsequently disregard it. *Id.* at 837.

Here, Plaintiff has failed to allege any facts that establish that any of the above mentioned defendants were aware that the other inmate possessed the dangerous weapon before the incident occurred. Without knowledge of that substantial risk, these officers are not liable under the Eighth Amendment. *Id.* Moreover, Plaintiff's allegations establish that once defendants Doe 1 and Doe 2 became aware of the danger they did not disregard it but instead responded and instructed the recreation yard to "get down on the yard." (Doc. 23 at 7). Therefore, Plaintiff has failed to state a cognizable claim for failure to prevent harm due to reckless management and search of prisoners in the yard against defendants Rubalcaba, Tiena, Holguin, Marquez, Montanez, Navarro, Doe 1, and Doe 2.

C.   Supervisor Liability

Plaintiff alleges that defendants Musleh and Adams violated his Eighth Amendment right by failing to properly supervise the search of inmates, the yard during the incident and train CSP personnel regarding "transsexual safety." (Doc. 23 at 9).

1.   Failure to supervise

*Respondeat superior* liability is not recognized in claims under § 1983, meaning a supervisor cannot be held liable for the actions of a subordinate based solely on his supervisory role. *Monell*,

436 U.S. at 691. "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045.

Here, Plaintiff seeks to impose liability on defendants Musleh and Adams for failing to supervise their subordinates and to prevent the incident that resulted in his injury. (Doc. 23 at 9). However, Plaintiff fails to allege any factual allegations that would establish that either Musleh or Adams had knowledge of the alleged violations of their subordinates or that they participated in or directed the violations. Therefore, as to the claims against defendants Musleh and Adams regarding supervisory liability, the complaint is **DISMISSED**.

### 2. Failure to train

The Supreme Court has held that a lack of sufficient training may be a basis for a claim against a government official under § 1983. *See Canton v. Harris*, 489 U.S. 378, 388 (1989). Failure to train can only be a basis for such a claim "where the failure to train amounts to deliberate indifference to the rights of persons with whom the [officials] come into contact." *Id.* As discussed above, deliberate indifference requires that a person have knowledge of a particular risk and then recklessly disregard it. *Farmer*, 511 U.S. at 836. The failure to train must be a "deliberate" or "conscious" choice in order for it to give rise to liability. *Canton*, 489 U.S. at 388.

Plaintiff alleges that defendants Musleh and Adams are liable under § 1983 for their failure to train their subordinates regarding the dangers to transsexuals' safety in prison which amounted to deliberate indifference. (Doc. 23 at 9). This recitation of the elements without factual allegations to support it is not sufficient to establish a cognizable claim. *Iqbal*, 129 S.Ct. at 1949. Plaintiff has alleged that his injury did not result from his sexual orientation. Therefore, as to the claims against defendants Musleh and Adams regarding failure to train, the complaint is **DISMISSED**.

## V.  Conclusion and Order

Plaintiff has failed to allege facts that establish the conditions of his confinement posed a substantial risk of serious harm or that Defendants responded to this risk with deliberate indifference. Therefore, Plaintiff has failed to state a cognizable claim against Defendants for failure to prevent harm. Also, for the above stated reasons, Plaintiff has failed to state cognizable claims against

defendants Does 1 and 2, Musleh and Adams under supervisory liability.

The Court will provide Plaintiff with <u>a final opportunity</u> to file an amended complaint curing the deficiencies identified by the Court in this order. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987) (pro se litigants bringing a suit *in forma pauperis* are entitled to an opportunity to amend a complaint unless it is clear the deficiencies could not be cured by amendment). Plaintiff's third amended complaint SHALL comply with Fed. R. Civ. P. 8(a) such that it concisely and briefly describes the acts taken by each defendant that deprived him of his Constitutional or federal rights. *Iqbal*, 129 S.Ct. at 1948-49; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Factual allegations will be accepted as true, but "must be [sufficient] to raise a right to relief above the speculative level" and establish plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations omitted).

Plaintiff should be aware that an amended complaint supercedes any prior complaints. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Pursuant to Local Rule 220, an amended complaint must be "complete in itself without reference to the prior or superceded pleading." Plaintiff is advised that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567, citing *London v. Coopers & Lybrand*, 644 F2d 811, 814 (9th Cir. 1981); accord. *Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Within 20 days from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order; and
2. <u>If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated: **August 2, 2011**　　　　　　　　　　　　　　/s/ Jennifer L. Thurston
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE