IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE JAMES OTIS ATKINS,<br><br>    Plaintiff,<br>  v.<br><br>DERMAL G. ADAMS, et al.,<br><br>    Defendants. | Case No.: 1:10-cv-00755 JLT<br><br>ORDER DISMISSING MATTER WITHOUT PREJUDICE |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this action. On August 3, 2011, the Court dismissed Plaintiff's Second Amended Complaint with leave to amend. (Doc. 24) On September 6, 2011, the Court granted Plaintiff's request for a 30-day extension of time to file his Third Amended Complaint. (Doc. 26) As a result, Plaintiff's Third Amended Complaint was due to be filed no later than October 11, 2011. However, Plaintiff has not filed the complaint.

On January 18, 2012, the Court issued to Plaintiff an order to show cause why the matter should not be dismissed for his failure to prosecute it. (Doc. 27) The order required Plaintiff to respond no later than February 3, 2012. Id. However, Plaintiff has failed to respond.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions, including where appropriate . . . dismissal of the case." Thompson v. Housing Authority,

782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986).

With respect to the first two factors – the public's interest in expeditiously resolving litigation and the Court's interest in managing its docket – the Court finds these factors indicate that dismissal is appropriate and warranted.  This case was initiated on April 30, 2010 and six months have passed since the Court's order dismissing the second amended complaint. (Doc. 24)  Now, Plaintiff has absented himself from the process and has failed to take the necessary steps to prosecute this case.  As such, this case is at a complete standstill.

The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  Here, the Court has attempted to prompt Plaintiff into action with its orders, most notably the Court's January 18, 2012 order to show cause. (Doc. 27.)  Nevertheless, Plaintiff has failed to respond in any way.  Thus, the Court finds Plaintiff's delay in prosecuting this action to be unreasonable.

Alternatives, less drastic than dismissal, do not appear to be realistic.  Because Plaintiff is proceeding in forma pauperis, monetary sanctions are not a viable option.  Likewise, given the history of this case, the Court has little confidence that another warning or further admonitions would result in Plaintiff taking action.  The Court has already warned Plaintiff on two occasions that his failure to respond would result in the dismissal of this action, but those orders have not spurred

Plaintiff into action.[1]  (Doc. 24 at 10; Doc. 27.)  Thus, the Court finds that there is no reasonable alternative to dismissal.

The Court recognizes that public policy favors disposition of cases on the merits and has factored this consideration into its decision.  However, securing a disposition on the merits in this case will likely come only at a price that substantially compromises the public's interest in expeditious resolution of this litigation, the Court's interest in managing its docket, and Defendant's interest in a legal process free from unreasonable delay.  Consequently, the Court finds that this factor – public policy favoring disposition on the merits – is greatly outweighed by the other factors favoring dismissal of this action.

## III.   CONCLUSION

Accordingly, for the reasons set forth above, the Court **ORDERS** this action be **DISMISSED** without prejudice for Plaintiff's failure to prosecute.

IT IS SO ORDERED.

Dated:   **February 6, 2012**                                                                    /s/ Jennifer L. Thurston
                                                                                                              UNITED STATES MAGISTRATE JUDGE

---

[1] The Court's warning to a party that his failure to obey the Court's order is sufficient to satisfy the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.